**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>MOHSIN KHAWAJA,<br><br>                    Debtor. | Case No.: 19-15430-MDC<br><br>Chapter 7 |
| HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC d/b/a Harrah's Resort Atlantic City,<br><br>                    Plaintiff,<br><br>v.<br><br>MOHSIN, KHAWAJA, an individual.<br><br>                  Defendant. | Adversary Proceeding No.: _____ |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS**

Plaintiff HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC d/b/a Harrah's Resort Atlantic City ("Harrah's Operating Co." or "Plaintiff"), hereby alleges for its complaint ("Complaint") against Defendant MOHSIN KHAWAJA ("Defendant" or "Debtor") as follows:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that this adversary proceeding (the "Adversary Case") relates to Bankruptcy Case No. 19-15430-MDC, which was filed as a Chapter 7 bankruptcy on August 30, 2019.

2. The Defendant is the Debtor in this case.

3. At all relevant times herein, the Defendant was an individual residing in Pennsylvania.

4. The Plaintiff is a creditor of the Debtor.

1

5. At all relevant times herein, the Plaintiff Harrah's Operating Co. was and is a New Jersey limited liability company with its principal place of business in New Jersey. At all relevant times herein, Plaintiff Harrah's Operating Company owned and operated Harrah's Resort Atlantic City ("Harrah's").

6. This Court has original and exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(I) and 28 U.S.C. § 1334.

7. This Adversary Case is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

8. Venue is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1409(a).

## II.

## GENERAL ALLEGATIONS

9. Plaintiffs repeat and reallege each and every allegation contained above, as though fully set forth herein.

10. On August 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 7 Case") under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

11. Prior to commencing the Chapter 7 Case on the Petition Date, Debtor was a frequent guest at Harrah's (and other related casinos) and obtained several casino markers to fund his gambling. Despite his affirmative representations made in order to obtain, and in connection with obtaining, the markers – which Plaintiff relied upon in advancing the credit – Debtor was not and knew that he was not financially capable of repaying the markers.

12. That is, on June 30, 2018, Debtor made false representations, willing omissions and implied misrepresentations to Plaintiff Harrah's regarding his financial status for the purpose of obtaining a marker in the amount of $150,000. Specifically, Debtor, among other things, completed a Credit Application at Harrah's requesting a $150,000 marker wherein he misrepresented his ability to repay the debt ("Harrah's Application") and stated that the total

2

20343604.4

value of his assets was $3.25M and that his annual income was $425,000. (*See* **Exhibit A – Credit Application to Harrah's dated June 30, 2018.**) Debtor completed and made misrepresentations in or in connection with applications at casinos related to Harrah's (*See* **Exhibit B – Other Credit Applications**). Debtor knowingly made these false representations with the intent to obtain a credit advance under false pretenses, and indeed, Debtor sought funds in excess of the amount for which he originally applied. Plaintiff Harrah's justifiably relied upon Debtor's false representations and advanced $150,000 to Debtor.

13. The Harrah's Application provides that Debtor will pay any and all of Plaintiff Harrah's attorneys' fees incurred in connection with any collection action relating to the application. (*See* Exhibit A.)

14. As is relevant to this Complaint, following receipt of the initial $150,000 based upon the Harrah's Application and other documents, on August 1, 2019, Debtor took out a marker for $150,000. In providing this marker, Plaintiff Harrah's, once again, justifiably and reasonably relied upon Debtor's misrepresentations, willing omissions and implied misrepresentations. Debtor made certain that Harrah's had good and presentable checks to cover his markers, upon which Harrah's reasonably relied. The Debtor knew or should have known that Harrah's would reasonably rely on these checks as representations that the Debtor's credit applications and other representations of his financial wherewithal were true and correct, and the markers would be repaid. Thereafter, on September 19, 2019, Plaintiff Harrah's was not able to collect on the markers, and Debtor's check was returned for insufficient funds because Debtor had since closed his bank account. (*See* **Exhibit C – Returned Check written for Harrah's Markers.**)

15. At the time Debtor borrowed these additional funds, the representations regarding Debtor's financial condition made to and justifiably and reasonably relied upon by Plaintiff Harrah's were false. As such, he knew he could not repay the markers and had no intention of repaying the markers. In fact, despite taking out this additional marker promising to repay

3

20343604.4

$150,000, Debtor filed his Chapter 7 Case only twenty-nine (29) days later. Notably, Debtor is presumed insolvent in the 90 days prior to filing. *See* 11 U.S.C. § 547(f).

16. Debtor has not repaid the foregoing debts and owes Plaintiffs a total of $150,000 in unpaid markers.

### III.

### FIRST CLAIM FOR RELIEF

### [11 U.S.C. § 523(a)(2)(A)]

17. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

18. Plaintiff's claims against the Debtor are for money, property, services and the extension and renewal of the same (collectively, the "Money").

19. The Money was obtained by the Debtor by false pretenses, false representations and/or actual fraud.

20. Specifically, Debtor knowingly: (1) made false representations, (2) with intent to deceive Plaintiff, that (3) Plaintiff actually, and justifiably and reasonably relied on, and (4) resulting in damage to Plaintiff.

21. Additionally, Debtor knowingly: (1) made an omission or implied misrepresentation, (2) created a contrived or misleading understanding of the transaction on the part of the Plaintiff, and (3) induced the Plaintiff to advance the Money.

22. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Debtor's indebtedness to Plaintiff is a non-dischargeable debt.

23. Further, pursuant to 11 U.S.C. § 523(a)(2)(C), the Debtor's indebtedness to Plaintiff is presumed to be a non-dischargeable debt because Debtor received cash advances of more than $950.00 under an open end credit plan within 70 days before Debtor filed his Chapter 7 Case.

24. Plaintiff has been forced to retain counsel to prosecute this action and is,

therefore, entitled to an award of attorneys' fees and costs as provided by law.

## SECOND CLAIM FOR RELIEF

### [11 U.S.C. § 523(a)(2)(B)]

25. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

26. Plaintiff's claims against the Debtor are for Money.

27. Debtor provided and/or reiterated numerous statements (collectively, the "Statements") in writing to Plaintiff, including the documents identified herein as Exhibits A, B and C.

28. At the time of the credit extensions, one or more of the Statements was materially false.

29. The materially false statements concerned the Debtor's financial condition, and were given to Plaintiff with the intent to deceive Plaintiff into extending the credit.

30. Plaintiff actually and justifiably and reasonably relied upon the materially false statements and extended the credit.

31. Pursuant to 11 U.S.C. § 523(a)(2)(B) the Defendant's indebtedness to Plaintiff is a non-dischargeable debt.

32. Plaintiff has been forced to retain counsel to prosecute this action and is, therefore, entitled to an award of attorneys' fees and costs as provided by law.

## THIRD CLAIM FOR RELIEF

### [Declaratory Judgment]

33. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

34. A ripe case in controversy now exists between Plaintiff and Defendant concerning whether Defendant's indebtedness to Plaintiff is a non-dischargeable debt. This controversy is capable of and in need of prompt judicial resolution.

20343604.4

35. Plaintiffs have satisfied all conditions precedent to filing this suit, and if not, those conditions have been waived or are futile.

36. Plaintiff is entitled to a declaration that the Debtor has not repaid the foregoing debts and owes Plaintiff a total of $150,000 in unpaid markers.

37. Plaintiff is also entitled to a declaration that Money was obtained by the Debtor by false pretenses, false representations and/or actual fraud, and, therefore, that pursuant to 11 U.S.C. § 523(a)(2)(A), the Debtor's indebtedness to Plaintiff is a non-dischargeable debt.

38. Specifically, the Debtor knowingly: (1) made an omission or implied misrepresentation, (2) created a contrived or misleading understanding of the transaction on the part of the Plaintiff, and (3) induced the Plaintiff to advance the Money.

39. Additionally, that the Debtor: (1) made an omission or implied misrepresentation, (2) promoted knowingly by Debtor, (3) which was relied upon by Plaintiff, (4) creating a contrived or misleading understanding of the transaction on the part of the Plaintiff, (5) which wrongfully and justifiably induced the Plaintiff to advance the Money.

40. Further, Plaintiff is entitled to a declaration that pursuant to 11 U.S.C. § 523(a)(2)(C), the Debtor's indebtedness to Plaintiff is presumed to be a non-dischargeable debt because Debtor received cash advances of more than $950.00 under an open end credit plan within 70 days before Debtor filed his Chapter 7 Case.

41. Moreover, Plaintiff is entitled to a declaration that pursuant to 11 U.S.C. § 523(a)(2)(B), the Defendant's indebtedness to Plaintiff is a non-dischargeable debt because at the time of the credit extensions, one or more of the Statements (i) were materially false, (ii) concerned the Debtor's financial condition, and (iii) were given to Plaintiff with the intent to deceive Plaintiff into extending the credit and (iv) Plaintiff actually, justifiably and reasonably relied upon the materially false statements and extended the credit.

42. Finally, Plaintiff is entitled to a declaration that it shall recover its attorneys' fees associated with this action in accordance with the Harrah's Application.

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. For judgment determining and decreeing that all of the debt claims of Plaintiff against Defendant are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and/or (a)(2)(C);

B. For judgment in an amount not less than $150,000, with prejudgment interest, until paid and all applicable late fees and penalties;

C. For Plaintiff's reasonable attorneys' fees incurred herein;

D. For post judgment interest at the applicable rate; and

E. For such other and further relief as the Court deems just and proper.

Dated this 27th day of February, 2020.

SMITH KANE HOLMAN, LLC

_____
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA  19355
Telephone:  (610) 407-7215
Facsimile:  (610) 407-7218

BROWNSTEIN HYATT FARBER
SCHRECK LLP

Samuel A. Schwartz, Esq.
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 382-2101
Facsimile:  (702) 382-8135
saschwartz@bhfs.com

*Attorneys for Plaintiffs*
*Harrah's Atlantic City Operating Company,*
*LLC d/b/a Harrah's Resort Atlantic City*

20343604.4